# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THOMAS J. REPLOGLE,
 Administrator of the Estate of
 Rennie R. Moore, deceased,

      Plaintiff,             :        Case No. 3:09-cv-102

                                      District Judge Walter Herbert Rice
   -vs-                                 Magistrate Judge Michael R. Merz

                           :

MONTGOMERY COUNTY, OHIO,
THROUGH ITS COUNTY
COMMISSIONERS AND SHERIFF'S
DEPARTMENT, et al.,

      Defendants.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion for Judgment on the Pleadings of Defendants Michael Nolan and Timothy Duerr (Doc. No. 6). Plaintiff opposes the Motion (Doc. No. 11) and Defendants Nolan and Duerr have filed a Reply in support (Doc. No. 12).

Because a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is a "dispositive" motion within the meaning Fed. R. Civ. P. 72, the Magistrate Judge makes herein only a recommended decision of the Motion.

In ruling on a motion for judgment on the pleadings, the Court must accept all the factual allegations of the complaint as true. *Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 511-12 (6th Cir. 2001);*Paskvan v. City of Cleveland Civil Serv. Comm'n.*, 946 F.2d 1233, 1235 (6th Cir. 1991)(citing *Beal v. Missouri Pacific R.R.,* 312 U.S. 45, 51, 61 S. Ct. 418, 85 L. Ed. 2d 577 (1941)). The Court must then decide whether the moving party is entitled to judgment as a matter of law. *Lavado v.*

*Keohane,* 992 F.2d 601, 605 (6th Cir. 1993). This is the same standard applied in deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *EEOC v. J. H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

The test for dismissal under Fed. R. Civ. P. 12(b)(6) has recently been re-stated by the Supreme Court:

> Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004)("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), *see, e.g., Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)(" Rule 12(b)(6) does not countenance ... dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic Corp. v. Twombly*, 550 U.S.544, 555 (2007).

## Claims Not Made Against Defendants Duerr and Nolan

Defendants Duerr and Nolan read the Complaint as making the following claims against them:

1. Duerr and Nolan violated Rennie Moore's constitutional rights under the Fourteenth Amendment. (Complaint, Count One, ¶28.);

2. Duerr and Nolan, in their official capacities, engaged in an unconstitutional custom and/or policy in hiring and supervising officers. (Complaint, Branch Three, ¶ 47-50.);

3. Duerr and Nolan violated 42 U.S.C. § 1983 in their deficient investigation of Rennie Moore's death. (Complaint, Branch

2

    Four, ¶ 47-50.);

4.  Duerr and Nolan's unlawful acts resulted in the wrongful death of Rennie Moore. (Complaint, Count Two, ¶ 57.);

5.  Duerr and Nolan's willful conduct resulted in the spoliation of evidence favorable to the Plaintiff. (Complaint, Count Six, ¶ 73.);

6.  Duerr and Nolan committed an assault and battery upon Rennie Moore, and violated "criminal statutes, including but not limited to, statutes under Titles 29, 45, for which a remedy is provided separately for such conduct via common law and R.C. Title 23, as well as directly under R.C. 2307.60." (Complaint, Count Four, ¶ 64.);

7.  Duerr and Nolan violated Ohio Revised Code § 2921.12(A) "Tampering with Evidence", and Ohio Revised Code §§ 2921.13(A)(1), (6) and (7) "Falsification." (Complaint, Count Eight, ¶ 81-83.); and

8.  Duerr and Nolan, along with the other Defendants, engaged in a civil conspiracy to deny the Plaintiff his "rights to remedy, rights to fair treatment, rights to a full and complete investigation, rights to be a part of the criminal/disciplinary process and all rights owed by Defendants to a citizen of the United States and to his heirs." (Complaint, Count Seven, ¶ 78.).

(Motion, Doc. No. 6, at 6.)

In his Response, Plaintiff states that "[a] number of the claims upon which Defendants seek judgment were not, in fact, directed against these Defendants, as a plain reading of the claims would attest." (Response, Doc. No. 11, at 1.) Plaintiff then states that the following claims are not directed against these Defendants:

1. Plaintiff's claim for violation of Mr. Moore's Fourteenth Amendment rights (Count One, Branch One, Complaint ¶¶34-39)[Claim 1 as listed by Duerr and Nolan];

2. Plaintiff's claim for violation of Mr. Moore's civil rights with regard to policies of hiring, employment and supervision (Count One, Branch Three, Complaint ¶¶46-51)[Claim 2 as listed by Duerr and Nolan];

3. Plaintiff's claim for wrongful death (Count Two, Complaint ¶¶56-58)[Claim 4 as listed by Duerr and Nolan];

4. Plaintiff's claim for assault and battery (Count Four, Complaint ¶¶63-66)[Claim 6 as listed by Duerr and Nolan].

(Response, Doc. No. 11, at 4.)

Having conceded that Defendants Duerr and Nolan are not sued on these claims, Plaintiff concludes these "Defendants are not entitled to judgment on the pleadings for claims that are not directed against them." *Id*. Plaintiff adds insult to injury by stating at several points that it is "clear" or "plain" from the language of the Complaint that these four claims are not directed against these Defendants.

When one reads the Complaint, however, it is anything but plain that these Defendants are excluded from these claims. Each Count and Branch of the Complaint "incorporates the previous paragraphs of this complaint as if fully rewritten herein." See, e.g., ¶ 27. Although Plaintiff says Defendants Duerr and Nolan are not intended as the targets of the deficient hiring and supervision claim, ¶ 47 says "Defendants Montgomery County and other Defendants in their Official Capacity. . ." without distinguishing among the Defendants. ¶ 57 avers "[t]he aforesaid unlawful acts of the Defendants, jointly and severally, resulted in the wrongful death of Rennie R. Moore," again without distinguishing among the Defendants. Thus the Complaint is anything but clear about which Defendants are sued on which claims.

More to the point, now that Plaintiff has clarified that these four claims are not intended to accuse Defendants Duerr and Nolan, why would Plaintiff oppose judgment on the pleadings as to these four claims against these Defendants? Since by Plaintiff's admission the Complaint does not and is not intended to state a claim against these two Defendants on these four claims, they are clearly and plainly entitled to judgment on those claims.

**Plaintiff's § 1983 Claims**

Defendants Duerr and Nolan claim they are entitled to absolute witness or testimonial immunity from Plaintiff's claims under 42 U.S.C. § 1983.

Plaintiff avers that these two Defendants made statements during the initial investigation of Rennie Moore's death which were supportive of Plaintiff's position and then changed their positions in affidavits made in support of defendants' motion for summary judgment in the prior case involving this controversy, *Replogle v. Montgomery County*, Case No. 06-CV-4535, in the Montgomery County Common Pleas Court. Specifically, Plaintiff avers:

> 21. Additionally, as part of the litigation of the above described case, Defendants Montgomery County, Vore and Babb, by and through their attorneys and representatives, submitted affidavits from Defendants Nolan and Duerr. Defendant Nolan's Affidavit is attached hereto as Exhibit 1. Defendant Duerr's Affidavit is attached hereto as Exhibit 3.
>
> 22. In those affidavits, Defendants Nolan and Duerr directed contradicted earlier statements they had made in official records and evidence. Defendant Nolan contradicted a material statement made is his report, which is attached hereto as Exhibit 2. Defendant Duerr directly contradicted an earlier material statement he had made to Sergeant Kurt Althouse, which Sgt. Althouse has included in his report. Sgt. Althouse's Report is attached hereto as Exhibit 4.
>
> 23. The statements made by Defendants Nolan and Duerr in these affidavits were known to be false.
>
> 24. Upon information and belief, Defendants Nolan and Duerr changed their testimony in an attempt to spoliate evidence, falsify testimony, obstruct the truthful investigation and frustrate and prevent Plaintiff's recovery in the prior suit, and/or were coerced into changing their testimony by the other Defendants or their representatives.

(Complaint, Doc. No. 3.) This conduct is referred to in Count One, brought under § 1983 for deprivation of 14th Amendment due process rights.

In seeking dismissal, Defendants Duerr and Nolan rely on *Briscoe v. LaHue,* 460 U.S. 325 (1983), which recognized absolute immunity from liability under § 1983 for a testifying witness as to any claims arising from his or her testimony. This immunity is not defeated by conspiracy allegations. *Moses v. Parwatikar*, 813 F.2d 891 (8th Cir. 1987); see also *Alioto v. City of Shively, Kentucky*, 835 F.2d 1173, 1174 (6th Cir. 1987)(absolute witness immunity under *Briscoe* shields conspiracies to give false or incomplete testimony); *Macko v. Bryan*, 760 F.2d 95 (6th Cir. 1985)(same). The immunity extends to testimony given in an affidavit as well as to live testimony. *Todd v. Weltman, Weinberg, & Reis Co.*, 434 F. 3d 432, 439 (6th Cir. 2006).

In opposing this branch of the Motion, Plaintiff relies on *Kammeyer v. City of Sharonville*, 311 F. Supp. 653 (S. D. Ohio 2003). Upon examination, however, Judge Spiegel's cited opinion was not dealing with individual liability claims under § 1983, but only with official capacity claims. *Id*. at 658. Furthermore, the defendants in that case were not being sued for having given false testimony as are Defendants Duerr and Nolan.

The Court concludes that Defendants Duerr and Nolan are absolutely immune from any liability under § 1983 for statements made in their referenced affidavits.

### State Law Spoliation Claim

Defendants Duerr and Nolan read Plaintiff's fifth claim above as a civil claim for perjury and note that Ohio law does not recognize such a claim, citing *Pratt v. Payne*, 153 Ohio App. 3d 450 (Ohio App. 2nd Dist. 2003). That court held:

> [**P10] Like most jurisdictions, Ohio does not permit civil actions against persons who give false testimony in judicial proceedings. See, e.g., *Costell v. Toledo Hosp*. (1988), 38 Ohio St.3d 221, 223-24, 527 N.E.2d 858, and Schmidt v. State Aerial Farm Statistics, Inc. (1978), 62 Ohio App.2d 48, 51, 403 N.E.2d 1026. This prohibition is based on public policy. *Reasoner v. State Farm Mut. Auto. Ins. Co.*,

> Franklin App. No. 01AP-490, 2002 Ohio 878, 2002 WL 338133,*4.
> Specifically, witnesses must be at liberty to speak freely, without fear
> of being sued later for their testimony. *Erie County Farmers' Ins. Co.
> v. Crecelius* (1930), 122 Ohio St. 210, 214, 8 Ohio Law Abs. 225,
> 171 N.E. 97.

*Id*. at 452.

Because this is a state law claim over which this Court has supplemental jurisdiction, we must apply the substantive law of Ohio in determining whether the Complaint states a claim for relief. 28 U.S.C. §1652; *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), overruling *Swift v. Tyson*, 41 U.S. 1 (1841)(Story, J., holding that "the laws of the several states" in the Judiciary Act of 1789 means only the statutory law of the States). In applying state law, the Sixth Circuit follows the law of the State as announced by that State's supreme court. *Ray Industries, Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 758 (6th Cir. 1992); *Miles v. Kohli & Kaliher Assocs.,* 917 F.2d 235, 241 (6th Cir. 1990). "Where the state supreme court has not spoken, our task is to discern, from all available sources, how that court would respond if confronted with the issue." *Id.; In re Akron-Cleveland Auto Rental, Inc.,* 921 F.2d 659, 662 (6th Cir. 1990); *Bailey v. V & O Press Co*., 770 F.2d 601 (6th Cir. 1985); *Angelotta v. American Broadcasting Corp.,* 820 F.2d 806 (1987). The available data to be considered if the highest court has not spoken include relevant dicta from the state supreme court, decisional law of appellate courts, restatements of law, law review commentaries, and the "majority rule" among other States. *Bailey*, 770 F.2d at 604. "Where a state's highest court has not spoken on a precise issue, a federal court may not disregard a decision of the state appellate court on point, unless it is convinced by other persuasive data that the highest court of the state would decide otherwise." *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1481, 1485 (6th Cir.1989); *accord Northland Ins. Co. v. Guardsman Products, Inc*., 141 F.3d 612, 617 (6th Cir.1998).

Plaintiff attempts to distinguish *Pratt* on the grounds it involved a second lawsuit against the allegedly lying witness after the first lawsuit was concluded. "However," says Plaintiff, "this is not

a separate proceeding. This is a refiling of Plaintiff's claims." That is a distinction with no difference at all: Defendants Nolan and Duerr were not parties to the Common Pleas case in which their affidavits were filed; they were made parties on the re-filing. What difference could it possibly make to the policy concerns stated by Judge Brogan in *Pratt* whether the allegedly lying witnesses were joined in the original suit or sued separately?

Under the Second District Court of Appeals decision in *Pratt*, Defendants Duerr and Nolan are entitled to judgment on the pleadings on Plaintiff's state law spoliation claim.

**Civil Liability for Criminal Conduct Claims**

Plaintiff asserts in Count Eight that Defendants Duerr and Nolan committed various criminal acts including falsification in violation of Ohio Revised Code § 2921.13(A)(1), (6) and (7) and tampering with evidence in violation of Ohio Revised Code § 2921.12(A) and that they are civilly liable for these acts under Ohio Revised Code § 2307.60 (Complaint, Doc. No. 3, at ¶¶ 80-89).

Defendants assert that they are not liable under Ohio Revised Code § 2307.60 because they have not been charged with and convicted of any criminal offense relating to the death of Plaintiff's decedent. Alternatively, they contend that Ohio Revised Code § 2307.60 does not create a civil cause of action.

Plaintiff responds by relying not on Ohio Revised Code § 2307.60, but on Ohio Revised Code § 2921.13(G) which provides:

> (G) A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section.

The difficulty with Plaintiff's position is that Plaintiff cannot prove the required predicate for an action under Ohio Revised Code § 2921.13(G) because neither Defendant Duerr nor Defendant Nolan has been convicted of a violation of Ohio Revised Code § 2921.13. To read § 2921.13(G) as permitting a lawsuit without a conviction would completely undermine the policy explicated by Judge Brogan in *Pratt, supra*, and the many prior cases on which *Pratt* relied. In other words, to allow a civil action under § 2921.13(G) without a prior conviction would be to permit a civil action for perjury. Plaintiff cites no authority for the proposition that that was what was intended by the General Assembly in enacting Ohio Revised Code § 2921.13(G).

Plaintiff makes no argument in response to the Motion as to any claim for civil recovery for tampering with evidence in violation of Ohio Revised Code § § 2921.12(A). Here, too, there has been no conviction or even criminal charge.

Ohio Revised Code § 2307.60 does not create a civil cause of action. In *Edwards v. Madison Twp.*, 1997 Ohio App. LEXIS 5397 Ohio App. 10th Dist. Nov. 25, 1997), the court held

> R.C. 2307.60 does not create a separate cause of action. Instead, R.C. 2307.60 (formerly R.C. 1.16) is merely a codification of the common law that a civil action is not merged in a criminal prosecution. *Schmidt v. Statistics, Inc*. (1978), 62 Ohio App. 2d 48, 49, 403 N.E.2d 1026, *citing Story v. Hammond* (1831), 4 Ohio 376, 378; *Peterson v. Scott Constr. Co.* (1982), 5 Ohio App. 3d 203, 204, 451 N.E.2d 1236.

*Id*. at *17-18. *Peterson* is a per curiam reported opinion of the Sixth District Court of Appeals in which Judge Andrew Douglas, later a justice of the Ohio Supreme Court, concurred.

## Civil Conspiracy Claim

In Count Seven of the Complaint, Plaintiff incorporates all the prior paragraphs (¶ 77) and then alleges:

9

> 78. The Defendants have jointly and severally conspired to deny the Plaintiff and decedent's other next of kin their rights, including rights to remedy, rights to fair treatment, rights to a full and complete investigation, rights to be part of the criminal/disciplinary process and all rights owed by Defendants to a citizen of the United States and to his heirs.

(Complaint, Doc. No. 3.)

Both parties understand this to be a claim under Ohio, not federal, law. Defendant argues that Ohio law does not allow civil recovery for a conspiracy to commit perjury, relying on *Costell v. Toledo Hospital*, 38 Ohio St. 3d 221 (1988). Plaintiff responds that he has "pleaded any number of unlawful acts which may serve as the basis for this claim, and has further pleaded that Defendants Duerr and Nolan conspired with others to commit these unlawful acts, . . ." (Response, Doc. No. 11, at 11.)

In Ohio, a civil conspiracy consists of the following: (1) a malicious combination; (2) two or more persons; (3) injury to person or property; and (4) existence of an unlawful act independent from the actual conspiracy. *Universal Coach v. NYC Transit Authority,* 90 Ohio App. 3d 284, 629 N.E. 2d 28 (Cuyahoga Cty.,1993), citing *Minarik v. Nagy,* 8 Ohio App. 2d 194, 26 Ohio Op. 2d 359, 193 N.E. 2d 280 (1963). The requirement of an independent unlawful act is confirmed in *Williams v. Aetna Fin. Co.*, 83 Ohio St. 3d 464, 475 (1998), citing *Gosden v. Louis,* 116 Ohio App. 3d 195, 219, 687 N.E. 2d 481, 496 (1996). Stated another way, a civil conspiracy under Ohio law consists of a "malicious combination of two or more persons to injure another in person or property, in a way not competent for one alone, resulting in actual damages." *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St. 3d 415, 419, 650 N.E. 2d 863 (1995), quoting *LeFort v. Century 21-Maitland Realty Co.*, 32 Ohio St. 3d 121, 512 N.E. 2d 640 (1987) citing *Minarik, supra*. *Williams v. Aetna Fin. Co.*, 83 Ohio St. 3d 464, 475 (1998).

Conspiracy claims must be pled with some degree of specificity; vague and conclusory allegations unsupported by material facts will not be sufficient to state a claim. *Gutierrez v. Lynch*,

826 F.2d 1534, 1538 (6th Cir. 1987), citing *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984); *Polur v. Raffe*, 912 F.2d 52, 56 (2d Cir. 1990); *Applegate v. Top Associates, Inc.*, 425 F.2d 92 (2d Cir. 1970).

All that is alleged in ¶ 78 is conclusory – the purpose of the conspiracy was to deny a number of rights. The only acts in which Defendants Nolan and Duerr are alleged to have engaged are the signing of affidavits which were filed in the prior lawsuit and which were, Plaintiff alleges, at odds with prior statements they made. Plaintiff does **not** allege that these two Defendants agreed with one another or with any of the other named Defendants or with any other particular co-conspirators not named as a defendant. The Complaint cannot fairly be read as alleging that these Defendants conspired with Defendant Babb to commit the physical acts Babb did to Plaintiff's decedent. Is Plaintiff intending to allege that these two Defendants conspired either with one another or with other persons to either cover up alleged wrongdoing by Defendant Babb or to defeat the first lawsuit? If that is what Plaintiff intends to allege, he should be required (and permitted if he can do so consistent with Fed. R. Civ. P. 11) to do so. As it stands, the Complaint does not state a claim for civil conspiracy upon which relief cen be granted.

## Conclusion

In accordance with the foregoing analysis, Defendant Duerr and Nolan's Motion for Judgment on the Pleadings should be granted and the Complaint dismissed as to them without prejudice for failure to state a claim upon which relief can be granted.

May 1, 2009.

                                                  s/ **Michael R. Merz**
                                                  United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).