# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON


THOMAS J. REPLOGLE,
Administrator of the Estate of
Rennie R. Moore, deceased,

        Plaintiff,            :        Case No. 3:09-cv-102

                                      District Judge Walter Herbert Rice
        -vs-                   Magistrate Judge Michael R. Merz

                          :

MONTGOMERY COUNTY, OHIO,
THROUGH ITS COUNTY
COMMISSIONERS AND SHERIFF'S
DEPARTMENT, et al.,

        Defendants.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

        This case is before the Court on Plaintiff's Objections (Doc. No. 16) to the Magistrate

Judge's Report and Recommendations (Doc. No. 13).  The General Order of Reference for the

Dayton location of court permits a magistrate judge to reconsider decisions or reports and

recommendations when objections are filed.

        Plaintiff brought this suit against, *inter alia*, "Montgomery County, Ohio, through its County

Commissioners and Sheriff's Department."  Because he concluded that the Ohio entity which is sui

juris is the Board of County Commissioners of Montgomery County, the Magistrate Judge

"recommended that the caption be amended to strike 'Montgomery County, Ohio, through its

County Commissioners and Sheriff's Department' and substitute in lieu thereof 'the Board of

County Commissioners of Montgomery County, Ohio.'" (Report and Recommendations, Doc. No.

13, at 4.)  The Magistrate Judge also recommended that the Board of County Commissioners be

dismissed as a party defendant, reasoning that the Sheriff, as an independently elected public official, cannot be controlled in his policy decisions by the Board of County Commissioners and therefore the Board cannot be liable under 42 U.S.C. § 1983 for the Sheriff's unconstitutional policies. Plaintiff objects to both of these conclusions.

Plaintiff first correctly notes that the Report and Recommendations do not address the action as filed against Sheriff Vore and Sheriff Plummer in their official capacities. That is because neither of those parties sought dismissal in the instant Motion. Even if the Report and Recommendations were adopted as filed, that would not affect the suit against these two parties in their official capacities.

It is also, of course, well established that a suit against a government official in his or her official capacity is a suit against the governmental entity which he represents. *Brandon v. Holt*, 469 U.S. 464 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). If Plaintiff can establish that some unconstitutional policy of Sheriff Vore or Sheriff Plummer caused him injury, he can recover against the entity those gentlemen represent.

Plaintiff relies on *Marchese v. Lucas*, 758 F. 2d 181 (6th Cir. 1985). There the court upheld a jury verdict "against William Lucas in his official capacity as Sheriff of Wayne County, and against the County of Wayne." The key section of the opinion reads:

**The County's Liability**

The liability of the County of Wayne rests on the failures of the Sheriff which we have previously described. It is clear that under the Michigan Constitution of 1963 Art. 7, Section 6, Wayne County did not make policy for the Sheriff's Department. The Sheriff is, however, the law enforcement arm of the County and makes policy in police matters for the County. See Michigan Constitution 1963 Art. 7, Section 4. The County, through its Board of Supervisors, appropriates funds and establishes the budget for the Sheriff's Department. The Sheriff is elected by the voters of Wayne County. No doubt he is responsible for enforcing state law and presumably federal law as well. But equally clearly he is not an official of the State of Michigan or of the federal government. He is, under the

> Constitution of Michigan, the law enforcement officer for the County
> of Wayne with extraordinary power to select his deputies and enforce
> the law.

While technically this describes the relationship between a Michigan sheriff and a Michigan county, the relationship in Ohio appears closely parallel. In Michigan as in Ohio, the county had no authority to control the sheriff's adoption of policy.

Plaintiff also relies on this Court's decision in *McGuire v. Ameritech Servs., Inc.,* 253 F. Supp. 2d 988 (S.D. Ohio 2003)(Rice, C.J.). In that case the plaintiffs named as defendants, inter alia, "the Ohio Counties of Miami, Greene, Madison, and Butler, along with their Commissioners and Sheriffs, and the County Commissioners of Montgomery County." *Id.* at 992. At note 2, Judge Rice mentions that "Montgomery County was also named, but has since been dismissed. (See Doc. # 52.)" Reference to that docket number shows it to be an entry in which Judge Rice terminated as parties "Montgomery County, Ohio" and "Montgomery County Sheriff's Office."[1] Thus *McGuire* would appear to be authority for dismissing "Montgomery County" and the Montgomery County Sheriff's Department," but retaining the Board of County Commissioners.

In *Petty v. County of Franklin*, 478 F.3d 341(6th Cir. 2007), an injured jail inmate sued both Franklin County and the Franklin County Sheriff's Office. The district court had dismissed the Sheriff's Office as not *sui juris* and Franklin County because no county policy had been implicated by plaintiff. In upholding the first of these decisions, the Sixth Circuit distinguished between a suit against the sheriff's *office* as opposed to the sheriff himself. *Id.* at 347. Dismissal of the county was upheld because on the summary judgment motion of Sheriff Karnes, there had been no proof of any unconstitutional policy. Thus *Petty* supports the Report's conclusion that the Sheriff's Office is not *sui juris*, but is contrary to the Report's position that Montgomery County cannot be sued *eo nomine.*

---

[1]The Magistrate Judge has access only to the electronic docket; the paper entry in question is in storage in Chicago, Illinois.

In *Leach v. Shelby County Sheriff*, 891 F. 2d 1241 (6ᵗʰ Cir. 1989), the Sixth Circuit held that the county was liable in an official capacity suit against the sheriff. The court held:

> Because a suit under section 1983 against a defendant "in his official capacity" is equivalent to a suit against the local government entity, provided that the entity receives notice and an opportunity to respond, the prudent course for a plaintiff who seeks to hold a local government entity liable for damages resulting from an allegedly unconstitutional action under 42 U.S.C. § 1983 would be to name in his pleadings the government entity itself.

*Id*. at 1245.

In *Alkire v. Irving*, 330 F.3d 802 (6ᵗʰ Cir. 2003), plaintiff sued both Holmes County and its sheriff in their official capacities. The court held "[t]herefore, Holmes County, as the government entity that employed Sheriff Zimmerly, and the Holmes County Court, as the government entity that employed Judge Irving, are the only true defendants in this case," *Id*. at 810, citing *Allen v. Leis*, 154 F. Supp. 2d 1240, 1259 (S.D. Ohio 2001)(Judge Spiegel of this Court holding that in an official capacity suit against the sheriff, county commissioners, and prosecuting attorney of Hamilton County, Ohio, "Hamilton County is the only true Defendant. . .")

The authority cited by Plaintiff persuades the Magistrate Judge that the initial Report is in error. Accordingly, in lieu of the original recommendation, it is respectfully recommended that the Board of County Commissioners of Montgomery County be substituted for the moving defendant, but that the Motion to Dismiss be otherwise denied.

May 19, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).