# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

THOMAS J. REPLOGLE,
 Administrator of the Estate of
 Rennie R. Moore, deceased,

      Plaintiff,   :   Case No. 3:09-cv-102

          District Judge Walter Herbert Rice
  -vs-         Magistrate Judge Michael R. Merz

        :

MONTGOMERY COUNTY, OHIO,
THROUGH ITS COUNTY
COMMISSIONERS AND SHERIFF'S
DEPARTMENT, et al.,

      Defendants.

---

## REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

---

This case is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 21) of the District Judge's Order (Doc. No. 18) Adopting the Magistrate Judge's Report and Recommendations (Doc. No. 14) recommending that the Motion for Judgment on the Pleadings of Defendants Michael Nolan and Timothy Duerr (Doc. No. 6) be granted. Defendants Nolan and Duerr have opposed reconsideration (Doc. No. 22) and the time within which Plaintiff could have filed a reply memorandum has expired. The purpose of the Motion for Reconsideration is to present arguments Plaintiff would otherwise have presented in objections to the Report, but was precluded from making by expiration of the time for objections.

## Prior Analysis Not Objected To

Plaintiff does not object to that portion of the Report which recommended dismissal of claims against Nolan and Duerr which were purportedly brought under 42 U.S.C. § 1983 but are barred by the absolute privilege for witnesses under that statute. See *Briscoe v. LaHue,* 460 U.S. 325 (1983). Plaintiff also does not seek reconsideration of that portion of the Decision which dismissed four claims which these Defendants read as made against them but which Plaintiff conceded were not (See R&R, Doc. No. 14, at 3-4.) Plaintiff does not seek reconsideration of the dismissal of his civil claim for perjury. *Id*. at 6-8, relying on *Pratt v. Payne*, 153 Ohio App. 3d 450 (Ohio App. 2nd Dist. 2003)(Brogan, J.). Finally, Plaintiff does not seek reconsideration of dismissal of the state law civil conspiracy claim, Count Seven of the Complaint (See R&R, Doc. No. 14, at 10-11).

## Civil Liability for Criminal Acts

Plaintiff's Motion for Reconsideration focuses entirely on the dismissal of his claim against Nolan and Duerr under Ohio Revised Code § 2921.13(G). That section provides:

> (G) A person who violates this section is liable in a civil action to any person harmed by the violation for injury, death, or loss to person or property incurred as a result of the commission of the offense and for reasonable attorney's fees, court costs, and other expenses incurred as a result of prosecuting the civil action commenced under this division. A civil action under this division is not the exclusive remedy of a person who incurs injury, death, or loss to person or property as a result of a violation of this section.

In Count Eight of the Complaint Plaintiff alleges that these two Defendants "submitted affidavit testimony in the previous suit which conflicted with their previous statements, reports, and other evidence submitted in the initial investigation." (Doc. No. 3 at ¶ 81.) In ¶ 82 Plaintiff alleges

further that in so doing, these Defendants violated several criminal statutes, to wit, Ohio Revised Code § 2921.12(A) and § 2921.13(A)(1), (A)(6) and/or (A)(7). As a result, ¶ 83 asserts they are liable under Ohio Revised Code § 2921.13(**F**)[1]. Ohio Revised Code § 2921.13(G) is not mentioned in the Complaint.[2]

The first mention of Ohio Revised Code § 2921.13(G) is in Plaintiff's Memorandum in Opposition to the Defendants' Motion for Judgment on the Pleadings (See Doc. No. 11 at 9.) There Plaintiff argued that the plain meaning of Ohio Revised Code § 2921.13(G) was to create a civil cause of action for violations of the substantive criminal sections of § 2921.13 whether or not there had been a conviction for such violations. In rejecting that argument, the Magistrate Judge relied on Judge Brogan's decision in *Pratt, supra*, holding that Ohio does not recognize a civil action for perjury and on the absence of Ohio case law interpreting § 2921.13(G) to create such an action (See R&R, Doc. No. 14, at 11.)

In the Motion for Reconsideration, Plaintiff concedes that § 2921.13(G) "has not generated any relevant case authority as to its interpretation." (Motion, Doc. No. 21, at 4.) Instead, Plaintiff relies on language in other Ohio statutes which purport to create civil causes of action for criminal acts:

- Ohio Revised Code § 901.51(injuring vines, bushes, trees, or crops)
- Ohio Revised Code § 951.10 (animals running at large)
- Ohio Revised Code § § 2919.12 and 2919.121 (unlawful abortion)

---

[1] Ohio Revised Code § 2921.13(**F**) is the penalty portion of §2921.13, classifying violations of various sub-sections as misdemeanors of the first degree or felonies of the third, fourth, or fifth degree. It contains no language purporting to impose civil liability.

[2] In the relevant section of the Report and Recommendations, the Magistrate Judge treated the moving Defendants objection to any claim under Ohio Revised Code § 2307.60 as if it applied to this claim for relief. Actually, Ohio Revised Code § 2307.60 is not cited in this portion of the Complaint, but only earlier in ¶ 64 with respect to other claims of civil liability for criminal actions.

- Ohio Revised Code § 2921.03 (intimidation)
- Ohio Revised Code § 2921.52 (using sham legal process)

*Id*. at 4. However, the only case law cited by Plaintiff interpreting any of these statutes is *Wooten v. Knisley*, 79 Ohio St. 3d 282, 680 N.E. 2d 1245 (1997). The Ohio Supreme Court held in *Wooten* that Ohio Revised Code § 901.51 does not require a criminal conviction as a predicate to seeking treble damages for injuring trees, resolving a conflict among the Ohio Courts of Appeals on that question. In so holding, the majority, speaking through Justice Douglas, noted that the relevant language – "In addition to the penalty provided in section 901.99 of the Revised Code, whoever violates this section is liable in treble damages for the injury caused – had been added to the Revised Code by 1972 H 511 which was, of course, the recodification of Ohio criminal law which became effective January 1, 1974. Justice Douglas claimed that the "language and history of R.C. 901.51 clearly indicate that the statute was enacted by the General Assembly to create a new and independent right to civil treble damages for any violation of that statute." 79 Ohio St. 3d at 288. The Chief Justice noted in dissent "No support is offered for the conclusory statement that the history of R.C. 901.51 bolsters the majority's conclusion, nor has my research uncovered any such historical underpinning." *Id*. at 292.

More importantly for this Court's purposes, the Ohio Supreme Court does not state any general principle in *Wooten* which would be applicable to other similar statutory language. That is, it does not say that whenever the General Assembly uses language like that in § 901.51, courts are to infer the existence of an independent civil cause of action without a prior conviction.

That being the case, this Court appropriately should consider the policy differences between § 901.51 and § 2921.13(G). As Defendants argue[3], there is no Ohio public policy against civil

---

[3]There are good grounds on the face of Defendants' Memorandum for rejecting all of their arguments since the undersigned is referred to throughout as "Magistrate Mertz." As my colleague Timothy Black recently and forcefully reminded attendees at the OSBA Convention,

liability for damaging someone else's timber and in fact in *Wooten* the § 901.51 claim was joined to a perfectly traditional claim for trespass of the sort recognized at common law for centuries. However, there is a strong public policy **against** recognizing civil liability for perjury. That policy was recently restated by Judge Brogan in *Pratt* who noted that Maine is the only State in the Union which allows such an action. The same policy undergirds witness immunity under § 1983.

All parties concede that the proper interpretation of this statute must be made under Ohio law per 28 U.S.C. § 1738 and *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Neither party cites any Ohio interpretation of the precise statute in suit. The parallel statute of which there is interpretation reinforces the common law, rather than being in derogation of it, and the interpretation under *Wooten* is narrow. Given those factors, the Magistrate Judge believes the Ohio courts would not find a civil cause of action under § 2921.13(G), at least not without a prior conviction.

Finally, whether or not § 2921.13(G) creates a civil action for violations of Ohio Revised Code § 2921.**13**(A)(1), (A)(6), or (A)(7), it very plainly does not create such a cause of action for violations of §2921.**12**(A), as Plaintiff claims in ¶ 83 of the Complaint, because the language of § 2921.13(G) is limited to "[a] person who violates **this** section."

For the foregoing reasons, the Motion for Reconsideration should be denied.

June 20, 2009.

                 s/ **Michael R. Merz**
                 United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because

---

the title is "magistrate judge." And the fact that the "Mertz" misspelling is ubiquitous does not make it any more correct.

this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).